UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **PATSY BROWN ET AL** | **CASE NO. 6:22-CV-01034** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **U S DEPARTMENT OF HEALTH & HUMAN SERVICES ET AL** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

### REPORT AND RECOMMENDATION

Before this Court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) filed by the government. (Rec. Doc. 4). Plaintiffs oppose dismissal. (Rec. Doc. 6). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the government's pending motion be GRANTED.

### Factual Background

Plaintiffs filed suit in this Court on April 19, 2022 alleging medical malpractice by Trinity Community Health Centers of Louisiana ("Trinity") resulting in the death of Alan Brown ("Brown"). (Rec. Doc. 1). Plaintiffs, surviving spouse Patsy Brown and surviving children April Paul and Kristy Brown, allege that Brown sought treatment at Trinity beginning in March of 2016. (*Id.* at ¶ 2). Plaintiffs claim doctors and medical personnel who treated Brown misdiagnosed his illness, which

was later diagnosed by a doctor at another healthcare facility as stage III lymphoma. (*Id.* at ¶¶ 3-4). Plaintiffs filed a personal injury claim against Trinity ("SF-95"), which was received by the government through the United States Department of Health and Hospitals ("DHHS") on October 26, 2021. (Rec. Doc. 4-3 at pp. 2, 5, 13). Plaintiffs assert that Brown died of lymphoma on December 10, 2021. (Rec. Doc. 1 at ¶ 7). Plaintiffs seek relief under the Federal Tort Claims Act ("FTCA").

## **Applicable Standard**

Fed. R. Civ. P. 12(b)(1) permits a party to seek dismissal of one or more claims based on the court's lack of subject matter jurisdiction. The party asserting federal jurisdiction bears the burden of proving jurisdiction by a preponderance of the evidence. *In re Southern Recycling*, LLC, 982 F.3d 374, 379 (5th Cir. 2020) citing *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012).

> A district court may dismiss a case under Rule 12(b)(1) based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'

*Id.*, quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

Federal district courts are court of limited jurisdiction and may exercise only that jurisdiction expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution,

2

laws, or treaties of the United States," and civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which there exists complete diversity among the parties. 28 U.S.C. §§ 1331, 1332.

## Analysis

The FTCA is a limited waiver of sovereign immunity permitting the United States to be sued for "injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). Before suit may be filed in federal court under the FTCA, a plaintiff must present a claim for relief to the appropriate federal agency within two (2) years of event out of which the claim arises. 28 U.S.C. § 2401(b). Thereafter, the recipient agency has six (6) months in which to make its final decision on an FTCA claim, after which the plaintiff may deem the lack of decision as a final denial. Plaintiff must file suit in federal court within six (6) months of an agency's final denial, whether by express decision or expiration of delay. 28 U.S.C. § 2675(a).

The instant case presents what Plaintiff acknowledges to be the premature institution of an FTCA claim. (Rec. Doc. 6). It appears from the facts alleged that Plaintiff may have calculated the date for institution of suit from the date on which she claims to have mailed her SF-95 to DHHS: October 15, 2021. (*See*, R. 1 at ¶ 9; R. 4-3 at p. 5). As cited above, evidence filed in support of the government's motion

shows that DHHS did not receive Plaintiff's claim until October 26, 2021. (*See*, Rec. Doc. 4-3 at pp. 2, 5, 13). Pursuant to 28 C.F.R. § 14.2, concerning presentment of administrative claims, any claim against a federal agency under the FTCA is deemed presented upon the date the agency receives the claim, rather than the date it is mailed by the claimant. 28 C.F.R. § 14.2(a); *Gibson v. Smith*, 2016 WL 1531816, *4 - 5 (S.D. Tex. 4/15/2016) (internal citations omitted) (presentment requirement of the FTCA is not usurped by the "mailbox rule" upon which plaintiff relied in arguing against dismissal for lack of jurisdiction).

Having established Plaintiff's claim was "presented" within the meaning of the FTCA on October 26, 2021, this Court now finds Plaintiff's institution of suit in this matter was premature under 28 U.S.C. § 2675(a). Plaintiff's suit was filed on April 19, 2022, approximately one (1) week before the six (6) month delay required by 28 U.S.C. § 2675(a). (Rec. Doc. 1). Although the presentment requirement is not jurisdictional, it is to be strictly construed in support of the FTCA's narrow waiver of sovereign immunity. "Every premature filing of an action under the FTCA imposes some burden on the judicial system." *McNeil v. U.S.*, 508 U.S. 106, 112 (1993) (rejecting claimant's argument in favor of lenient interpretation of the FTCA presentment requirement).

Plaintiff's opposition to the government's motion concedes the prematurity of this suit under the FTCA. (Rec. Doc. 6). Considering the foregoing, this Court will

recommend the government's motion to dismiss (Rec. Doc. 4) be granted, dismissing all claims by Plaintiff without prejudice.

## Conclusion

For the reasons discussed herein, the Court recommends that the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) filed by the government (Rec. Doc. 4) be GRANTED and, accordingly, all claims by Plaintiff in this suit be DISMISSED without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 19th day of August, 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE